UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EMILY MARSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:22-cv-584-MTS |
| | ) | |
| KILOLO KIJAKAZI, *Acting Commissioner of* | ) | |
| *the Social Security Administration*, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court for review of the final decision of Defendant, the Acting Commissioner of the Social Security Administration, denying the application of Emily Marston ("Plaintiff") for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] In June 2020, Plaintiff applied for DIB under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and for SSI under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1385 (collectively, the "Acts"). Plaintiff alleges disability due to depression, anxiety, diabetes, and neuropathy with an alleged onset date of March 15, 2020. In June 2021, following a hearing, an Administrative Law Judge ("ALJ") issued her decision finding that Plaintiff was not disabled as defined in the Acts. (Tr. 13–28). For the following reasons, the Court reverses and remands.

I. **Standard of Review and Legal Framework**

To be eligible for disability benefits, Plaintiff must prove that she is disabled under the Act. *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically

---

[1] Sections 405(g) and 1383(c)(3) of Title 42 provides for judicial review of the SSA Commissioner's "final decision." After the ALJ concluded Plaintiff was not disabled under the Act, (Tr. 13–28), the Appeals Council denied Plaintiff's request for review, (Tr. 1–7); thus, the ALJ's decision stands as the Commissioner's final decision.

1

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d), 1382c(a)(3)(A). A claimant will be found to have a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work" but also unable to "engage in any other kind of substantial gainful work which exists in the national economy." *Id.* at §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Social Security Administration has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a). Steps 1–3 require the claimant to prove: (1) she is not currently engaged in substantial gainful activity; (2) she suffers from a severe impairment; and (3) her disability meets or equals a listed impairment. *Id.* at §§ 404.1520(a)–(d). If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to Steps 4 and 5. *Id.* at § 416.920(e). At this point, the ALJ assesses the claimant's residual functioning capacity ("RFC"), "which is the most a claimant can do despite her limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009); 20 C.F.R. § 404.1545. The U.S. Court of Appeals for the Eighth Circuit has noted that the ALJ must determine a claimant's RFC based on all relevant, credible evidence in the record, including medical records, the observations of treating physicians and others, and the claimant's own description of her symptoms and limitations. *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005). At Step 4, the ALJ must determine whether the claimant can return to her past relevant work by comparing the RFC with the physical demands of the claimant's past relevant work. 20 C.F.R. § 404.1520(f). If the ALJ finds at Step 4 that a claimant can return to past relevant work, the claimant is not disabled. *Id.*

The court's role on judicial review is to decide whether the ALJ's determination is supported by "substantial evidence" on the record as a whole. *Wagner v. Astrue*, 499 F.3d 842,

848 (8th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). In determining whether the evidence is substantial, the Court considers evidence that both supports and detracts from the ALJ's decision. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Even if substantial evidence would have supported an opposite decision or the reviewing court might have reached a different conclusion had it been the finder of fact, the Court must affirm the Commissioner's decision if the record contains substantial evidence to support it. *See McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (explaining that if substantial evidence supports the Commissioner's decision, the court "may not reverse, even if inconsistent conclusions may be drawn from the evidence, and even if [the court] may have reached a different outcome"); *Locher v. Sullivan*, 968 F.2d 725, 727 (8th Cir. 1992) (explaining a court may not reverse merely because substantial evidence would have supported an opposite decision). The Eighth Circuit has emphasized repeatedly that a court's review of an ALJ's disability determination is intended to be narrow and that courts should "defer heavily to the findings and conclusions of the Social Security Administration." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (quoting *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001)). Despite this deferential stance, a district court's review must be "more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision," *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998), and not merely a "rubber stamp," *Cooper v. Sullivan*, 919 F.2d 1317, 1320 (8th Cir. 1990).

II. **The ALJ's Decision**

The ALJ's decision in this matter conforms to the five-step process outlined above. At Step 1, the ALJ found Plaintiff did not perform substantial gainful activity ("SGA") during the alleged period of disability. (Tr. 11-3). At Step 2, the ALJ found Plaintiff had severe impairments

of diabetes mellitus with neuropathy and retinopathy, obesity, and mild degenerative disc disease. (Tr. 16–17). At Step 3, the ALJ found Plaintiff did *not* have an impairment or combination of impairments that met the severity of a statutorily recognized impairment. (Tr. 17–18). Thus, the ALJ found Plaintiff had the RFC to perform light work, as defined in 20 C.F.R. § 404.1567(b) & § 416.967(b), with postural, physical, and environmental limitations.[2] (Tr. 18–28). At Step 4, the ALJ found Plaintiff could return to her past relevant work as an administrative clerk, cashier supervisor, and furniture salesperson. (Tr. 28–29). Consequently, the ALJ concluded Plaintiff is not disabled under the Act. (Tr. 29).

### III.   Discussion

Plaintiff makes several arguments for which she believes remand is required here. Because the Court concludes remand is necessary due to the ALJ's failure to comply with opinion-evaluation regulations, it will not address Plaintiff's remaining arguments.

An ALJ must "articulate" the persuasiveness of *all* medical opinions and prior administrative medical findings in the record. *See* 20 C.F.R. §§ 404.1520c, 416.920c. An ALJ considers several factors when determining how persuasive a medical opinion is, but an ALJ is required to "explain" their decisions on the two "most important factors"—"supportability" and "consistency." 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Failure to discuss both of these factors in a disability decision is reversible error. *See Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021) (per curiam).

In a single paragraph in her disability decision, the ALJ summarized the medical opinion evidence of record. *See* (Tr. 27). The ALJ did not include a supportability and consistency

---

[2] The limitations include "occasionally climb ramps and stairs but avoid ladders, ropes and scaffolds; frequent feeling with the bilateral upper extremities; avoid extreme cold; and, avoid tasks that require depth perception, such as threading a needle." (Tr. 18–28).

analysis,[3] as required by the law.  20 C.F.R. §§ 404.1520c, 416.920c.  Therefore, the Court remands the case so that the ALJ can consider the medical opinion evidence, evaluate the persuasiveness of each opinion, and properly articulate the persuasiveness of each medical opinion.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Acting Commissioner is **REVERSED** and **REMANDED**.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 1st day of March 2023

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[3] In its Response Memorandum, the Acting Commissioner admits the ALJ's analysis on this basis was limited.  *See* Doc. [15] at 23.