UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EMILY J. MARSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-584-MTS |
| | ) | |
| MARTIN O'MALLEY, *Commissioner of Social Security*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's application for attorney's fees under 42 U.S.C. § 406(b). Plaintiff is the prevailing party in this action challenging the decision of the Commissioner that Plaintiff is not disabled. Final judgment was entered on March 1, 2023. Doc. [18]. On June 20, 2023, the Court granted Plaintiff's application and awarded $7,800 in attorney's fees under the Equal Access to Justice Act ("EAJA"), pursuant to 28 U.S.C. § 2412. Plaintiff's attorney, David F. Chermol, now seeks attorney's fees in the amount of $17,183, with a net payment of $9,383, under 42 U.S.C. § 406(b). For the reasons that follow, the Court will grant Plaintiff's Motion in part.

**I.   Discussion**

Section 406(b) of the United States Code states that whenever a court renders a judgment favorable to a claimant who was represented by an attorney, the court may allow a "reasonable fee," "not in excess of 25 percent of the total of past-due benefits to which a claimant is entitled by reason of such judgment." 28 U.S.C. § 406(b)(1)(A). This fee is made to the attorney "out of, and not in addition to, the amount of such past-due benefits." *Id.* Additionally, under the EAJA, a court shall award a prevailing party fees and other expenses, in addition to any costs incurred by a party unless the position of the United States was "substantially justified" or special circumstances make the

award unjust. 28 U.S.C. § 2412(d)(1)(A). In support of such an award, the party seeking such amounts shall submit an application containing an itemized statement declaring the actual time expended and the rate at which fees and other expenses were computed. *Id.* § 2412(d)(1)(B). These "fees and expenses" shall be based on the prevailing market rates of the kind and quality of services provided but shall not be awarded "in excess of $125 per hour" unless the court determines such a fee is justified. *Id.* § 2412(d)(2)(A).

Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits by allowing fee awards under both prescriptions, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "Thus, an EAJA award offsets an award under § 406(b) so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.*

At the commencement of this case, Plaintiff and her attorney entered into an agreement calling for payment to the attorney of twenty-five percent ("25%") of all past due benefits in the event Plaintiff's claim before this Court was successful. After consideration, the Court entered judgment in favor of Plaintiff, and Plaintiff's application for EAJA attorney's fees was granted in the amount of $7,800. Plaintiff, as the prevailing party in this action, was found to be entitled to retroactive benefits in the amount of $67,166.00. On March 4, 2024, the Social Security Administration (the "SSA") provided Plaintiff with a Notice of Award. Doc. [24-1]. The Notice explained that the SSA was withholding the maximum 25% ($16,791.50) of the fee award in order to pay Plaintiff's attorney, explaining that it would still need to evaluate and approve the attorney's fee award. *Id.* at 3-4. Now, Plaintiff's attorney seeks to recover $17,183 in fees, with a net payment

of $9,383 under § 406(b).  However, Plaintiff is seeking to recover 25% of $68,732.00, alleging a different accounting than what is discernible in the Notice of Awards issued by the Social Security Administration to Plaintiff: $67,166.00.[1]  Taking into account the EAJA award, Plaintiff's attorney now seeks the remaining difference ($8,991.50)[2] due under his 25% fee agreement pursuant to 42 U.S.C. § 406(b).

As stated, an attorney who successfully represents a Social Security benefits claimant in court may be awarded "as part of [the] judgment a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant.  42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht*, 535 U.S. at 795 (citing § 406(b)(1)(A)).  However, the Court must determine whether the request for attorney's fees is reasonable under 42 U.S.C. § 406(b) and in no event may the attorney's fees awarded under 42 U.S.C. § 406(b) exceed 25% of the total of claimant's past due benefits. *Gisbrecht*, 535 U.S. at 807.  The U.S. Court of Appeals for the Eighth Circuit has considered the following factors relevant to the district court's reasonableness inquiry: "the hourly rate, . . . the character of the representation and the results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel." *Jones v. Berryhill*, 600 F. App'x 587, 588 (8th Cir. 2017) (citing *Gisbrecht*, 535 U.S. at 807-08).

Additionally, in the event the Court awards fees under both the EAJA and 42 U.S.C. § 406(b), the attorney must refund the smaller of the fee awards to the plaintiff.  *See Gisbrecht*, 535 U.S. 796.  Plaintiff's attorney acknowledges this requirement and requests that he be ordered to reimburse plaintiff $7,800.00 (the amount previously awarded under the EAJA), and the

---

[1] While Plaintiff has submitted two Notice of Awards, one for Retirement, Survivors and Disability Insurance, and the other for Supplemental Security Income, the Notice of Award for Supplemental Security Insurance fails to list the $1,566.00 Plaintiff's attorney seeks to include in SSI benefits.  *See* Doc. [24-1].  Counsel for Plaintiff has failed to provide any additional information demonstrating a total award of $68,732.00.  As such, the Court will only take into account the $67,166.00 past-due benefits award.

[2] Counsel for Plaintiff specifically requests the difference in the amount of $9,383.00, however, this number has been reduced to reflect the past-due benefits actually presented to the Court ($16,791.50-7,800.00).

3

Commissioner be ordered to pay Plaintiff's attorney the remaining $8,991.50 under § 406(b).[3] The Commissioner "neither supports nor opposes counsel's request for attorney fees" in the amount of $16,791.50 under 42 U.S.C. § 406(b).  Doc. [25].  And the Court finds Mr. Chermol's attorney fee request, as altered based on the evidence presented to the Court, to be in accordance with his written contract with Plaintiff, and in compliance with § 406(b)(1)(A) as his fee request does not exceed 25% of the total of the past-due benefits awarded.  However, pursuant to § 406(b), the Court must review the fee agreement as an "independent check" to assure the fee yields a reasonable result in this case.  *Gisbrecht*, 535 U.S. at 807.

Here, the "character of the representation" was reasonable and lawful.  Plaintiff retained Mr. Chermol to represent her in the Social Security Appeal.  Plaintiff agreed to the 25% contingent-fee payment arrangement when she signed the Fee Agreement.  Doc. [24-2].  The Supreme Court has noted that contingency agreements for the statutory maximum of 25% "are the most common fee arrangement between attorneys and Social Security claimants."  *Gisbrecht*, 535 U.S. at 800. Nothing suggests the agreement in this case is unreasonable.  The Court finds it would be unfair to penalize Mr. Chermol from receiving the benefit of his bargain with Plaintiff by paying him less than the amount Plaintiff agreed to pay in the Fee Agreement.  *Wolynski v. Kijakazi,* 4:21-cv-01158-SRW, 2023 WL 6200776, at *3 (E.D. Mo. Sept. 22, 2023).

In evaluating the "result the representative achieved," Mr. Chermol competently represented Plaintiff and achieved a successful final result for his client.  The record in this matter was over 1,200 pages.  Counsel thoroughly reviewed the record in order to draft an 18-page brief in support of the Complaint, in addition to a reply brief.  *See* Docs. [11], [12], and [16].  Mr. Chermol's efforts resulted in very successful award of over $67,000 in past-due benefits for Plaintiff.  Further, there is

---

[3] Counsel for Plaintiff specifically requests "only a net payment by SSA of $9,383.00 in order to effectuate the EAJA refund."  Doc. [24] ¶ 5.  However, this is properly referred to as a refund to Plaintiff.  *See Gisbrecht*, 535 U.S. at 796 (explaining "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee'").

no indication in the record or allegation from the Commissioner that Mr. Chermol was responsible for any significant or undue delays.

Lastly, the Court must consider whether the "benefits are large in comparison to the amount of time counsel spent on the case" in order to avoid a windfall. *Gisbrecht*, 535 U.S. at 808. Here, the total § 406(b) fee of $16,791.50 would result in an hourly rate of $399.80 for 42 hours of attorney services.[4] This fee amount is not unreasonable for Social Security cases. Indeed, courts in this district have awarded similar, and even higher fees in comparable cases. *See, e.g.*, *Johnson v. Saul*, 4:18-cv-725-PLC, 2021 WL 2413343, at *1 (E.D. Mo. June 14, 2021) (approving § 406(b) attorney's fees in the amount of $449.00 per hour); *Brown v. Kijakazi*, 1:21-cv-00066 PLC, 2023 WL 4947824, at *3 (E.D. Mo. Aug. 3, 2023) (approving § 406(b) attorney's fees in the amount of $1,385.16 per hour); *Porterfield v. Kijakazi*, 4:20-cv-01443 SRW, 2023 WL 5722612, at *5 (E.D. Mo. Sept. 5, 2023) (approving a fee equivalent to an hourly rate of $2,016.27); *Williams v. Kijakazi*, 4:22-cv-00358 SPM, 2023 WL 7214047, at *2 (E.D. Mo. Nov. 2, 2023) (approving § 406(b) attorney's fees with an effective rate of $805.08 per hour). In sum, given the contingent nature of the representation, the work performed, and the results achieved in this particular case, the Court finds that the requested fee is reasonable and does not result in an unearned windfall to counsel.

In light of this finding and given that the Commissioner does not oppose the fees requested, the Court will grant Plaintiff's motion in part.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees, Doc. [24], is **GRANTED in part**.

---

[4] The Court notes that Mr. Chermol's itemization of hours also includes an additional 7.3 hours of work he does not seek recovery for. Doc. [24-3]. The Court did not include these hours in its hourly fee calculation.

**IT IS FURTHER ORDERED** that Plaintiff's Attorney, David F. Chermol, is awarded a total of $16,791.50 in attorney's fees under the Social Security Act, 42 U.S.C. § 406(b). The Social Security Administration has already awarded $7,800.00 of this fee to Plaintiff's attorney. In light of such award, the Administration shall remit the remaining $8,991.50 in attorney's fees due under § 406(b).

**IT IS FINALLY ORDERED** that Plaintiff's counsel shall refund Plaintiff the $7,800 previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 30th of July 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE